**Lucille L. GOLDHEIM, Administratrix with the Will annexed of the Estate of Theodore D. PEYSER, Deceased, Appellant,**

v.

**CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, Appellee.**

No. 15276.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 17, 1959.

Decided Jan. 21, 1960.

Mr. Robert E. Sher, Washington, D. C., with whom Messrs. Monroe Oppenheimer and James H. Heller, Washington, D. C., were on the brief, for appellant.

Mr. James C. McKay, Washington, D. C., with whom Mr. Stephen N. Shulman, Washington, D. C., was on the brief, for appellee.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

This is an appeal from a judgment of the District Court holding that certain life insurance policies had lapsed prior to the death of Theodore D. Peyser, the insured. We have considered the contentions of appellant administratrix [1] and find no error in the holding of the District Court that the policies had lapsed for non-payment of premiums before the death of the insured.

Appellant urges, apart from the non-payment of premiums by the insured, that the insurer has an obligation to give notice to assignees of the insurance policies where the assignments have been accepted by the insurer. However, neither the insurance policy nor the assignment provides for notice to the assignees and the insurer did not otherwise undertake or agree to give notice to assignees of non-payment of premiums.

Absent a contract obligation arising out of either the policy or the assignment itself, and there being no statute which requires such notice, we hold that the insurer has no obligation to give notice to the assignees of non-payment of premiums, of intention to lapse, or of the laps-

1. The policies were for the benefit of the insured's "executors, administrators or assigns." They were in the possession of assignee-creditors, not parties to this appeal.

ing of the policy. In any event, there is serious doubt that appellant administratrix can be heard to complain of failure to fulfill an alleged duty owing by the insurer to the assignee.

Affirmed.